ROBERT L. BLAND, Judge.
about sixty miles distant, and return on that day, eight members Intending to go on a pleasure ride to the city of Charleston, *133 of the Huntington Motorcycle Club, and several guests assembled at Twenty-fourth street and Third avenue, in the city of Huntington, West Virginia, on Sunday afternoon, March 18, 1945. The group proceeded, in cavalcade form, led by O. I. Bond, captain of the club, in an easterly direction, over U. S. route No. 60, an extensively traveled highway. When they arrived at the overpass crossing the main line of the Chesapeake & Ohio Railway, near Culloden, in Putnam county, Kenneth Q. Charlton, president of the club, riding immediately behind and to the right of Bond, hit a dip or depression at a point where a break in the concrete pavement of the road had been repaired with asphalt, and lost control of his machine. He managed to stay on his motorcycle until it had proceeded, in a wobbling condition, a further distance of two hundred feet, and again hit another depression in the road at a point where repair work had been done. This time he was thrown off the machine and sustained injuries from which he died later in the day at a Huntington hospital to which he had been removed.
In this case the administratrix of the decedent seeks an award in her favor, as such personal representative, in the total sum of $11,150.00, $10,000.00 thereof for the death of the decedent and $1,150.00 for the reasonable value of his motorcycle at the time of said accident, the funeral and other costs, outlays and expenses incident to and arising therefrom.
In her petition claimant alleges that the death of said Charlton was due to an accident sustained by him at a described point on said highway when he was thrown from his motorcycle by reason of a defect in the main or driven portion of the road, which defect was only a short distance beyond the crown of said overhead crossing and was not easily seen when one was approaching, or traveling said highway in an easterly direction. She contends that said alleged defect in said highway was brought about principally by a sinking or settling of the roadbed, fill or embankment, causing a crack or depression in the surface of the road, and that said alleged defect existed in said road for a number of months without having been repaired by the road commission. Claimant further contends that it was the duty of *134 the road commission to repair and keép in good order and in a safe condition said highway for the use, benefit and protection of the traveling public, and that its failure, carelessness and negligence to repair and keep repaired the said highway, at the point where the accident occurred, was the direct and immediate cause of said accident and the death of said decedent.
The width of the road in question is twenty feet of concrete. By reason of the constant travel and heavy traffic over the highway. it becomes necessary to make repairs from time to time. At the point where the accident occurred there was a small hole or depression which had been repaired by the use of tar and chips. There are many miles of bo.th primary and secondary roads in Putnam county and the evidence shows that the road commission was reasonably diligent in making repairs at all points where they were deemed necessary, giving first attention to the most important places calling for repairs. No good purpose would be subserved by detailing the. testimony of the various witnesses. The members of the court visited the scene of the accident and observed the condition of the road where it had been repaired. Consideration of the whole evidence fails to satisfy the court that the road was not in a reasonably safe condition for public use and travel thereon.
It is shown that the road, at the point of the accident, was repaired by the road commission on January 19, 1945; February 12, 1945, and March 19, 1945. An employee of respondent testified that he traveled the road on Saturday evening before the accident and that he did not consider the road in any respect dangerous for public use.
It is not every accident that occurs on a state highway that calls for or justifies an award or appropriation of the public revenues.
Judge Brannon, in the opinion in the case of Slaughter v. City of Huntington, 64 W. Va. 237, says on page 241:
"There seems to be a growing disposition whenever an injury is received on a street or highway to at once *135 sue for damages under the expectation that the taxpayers will make compensation, no matter where the blame lies; that the public will guarantee the highway under all circumstances.”
In 29th Corpus Juris at page 671, it is said:
‘‘The construction and repair of highways is a governmental duty belonging to the state, which can be performed only by agents designated for that purpose, or by municipal corporations upon which the performance of such duty is imposed by law, and, in either case, travelers using the highway have no legal right, in the absence of statute, to recover from the state or its officers for injuries caused by defects in the highway. The state may assume liability for such injuries; but such liability is limited by the terms of' the statute, ...”
In this court’s opinion in Lambert v. State Road Commission, 1 Ct. Claims (W. Va.) 186, we stated:
‘‘The state is not an insurer against accidents upon its public highways. Claims against the state for injuries or death upon the public roads should be based upon legal or equitable right. For such claims only may awards properly be made.”
No duty, express or implied, rests upon the state road commission of West Virginia to maintain the highways under its jurisdiction in more than reasonably safe condition for use in the usual manner and by the ordinary methods of travel; and the state does not guarantee freedom from accident of persons traveling on such highways.
Under the facts disclosed by the evidence in this case we are unable to see that a moral obligation rests upon the state to make an award in any amount in favor of the claimant.
An award is, therefore, denied by majority members of the court, and the claim dismissed.